UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GARY W. SLAYDON, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-00700** |
| **N. BURL CAIN, WARDEN** | **SECTION "G"(3)** |

**REPORT AND RECOMMENDATION**

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2).[1] For the following reasons, it is recommended that the instant petition for *habeas corpus* relief be **DISMISSED WITH PREJUDICE** as time-barred.

*I.    State Court Procedural Background*

The petitioner, Gary Slaydon, is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana.[2] On April 4, 2008, he was charged by felony bill of information with three charges: (1) aggravated burglary pursuant to La. Rev. Stat. 14:60; (2) armed robbery pursuant to La. Rev. Stat. 14:64; and (3) attempted second degree murder pursuant to La. Rev. Stat.

---

[1] 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, or that the claim relies on a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2] Rec. Doc. No. 3.

1

14:27:30.1.[3]  On March 19, 2008, Slaydon pleaded not guilty to all of the charges.[4]  On April 27, 2009, Slaydon proceeded to trial, which lasted three days.[5]  On April 29, 2009, the jury found Slaydon guilty of all three counts.[6]  Slaydon was found to be a multiple felony offender and sentenced to twenty-five years, sixty-seven years, and thirty-four years, respectively as to each count, at hard labor and without the benefit of parole, probation, or suspension of sentence.[7]

Through appointed counsel, Slaydon appealed his sentence to the Louisiana First Circuit Court of Appeal.[8]  The First Circuit affirmed his conviction, and his sentences on the armed robbery and attempted second degree murder charges, but remanded the case for re-sentencing on the aggravated burglary charge.[9]  No further direct review was sought. Slaydon

---

[3]State Rec., Vol. 1 of 6, Felony Bill of Information, 4/4/08.  The original bill of information only charged Slaydon with one count of aggravated burglary, however, the amended bill includes all three charges.  *See* Vol. 1 of 6, Felony Bill of Information, 1/22/08.

[4]State Rec., Vol. 1 of 6, Minute Entry, 3/19/08.

[5]State Rec., Vol. 1 of 6, Minute Entry, 4/27/09; Minute Entry, 4/28/09; Minute Entry 4/29/09; State Rec., Vol. 1 of 6, Trial Transcript, 4/27/09; State Rec., Vol. 2 of 6, Trial Transcript (continued) 4/27/09; Trial Transcript, 4/28/09; State Rec., Vol. 3 of 6, Trial Transcript (continued) 4/28/09; Trial Transcript, 4/29/09.

[6]State Rec., Vol. 1 of 6, Minute Entry, 4/29/09; Jury Verdict Form, 4/29/09; State Rec., Vol. 3 of 6, Trial Transcript, 4/29/09.

[7]State Rec., Vol. 1 of 6, Minute Entry, 8/3/09.  The sentences were to run concurrently.

[8]State Rec., Vol. 5 of 6, Appellate Brief, 1/29/10.

[9]*State v. Slaydon*, 39 So. 3d 850 (La. App. 1st Cir. 2010) (Table); State Rec., Vol. 4 of 6, 1st Cir. Opinion, 2010-KA-0004, 5/7/10.  The trial court erred by sentencing Slaydon with a parole prohibition for the aggravated burglary charge, which is not included in an aggravated burglary sentence under Louisiana law.  Because sentencing involves the trial court's discretion, the appellate court could not simply remove the illegal condition, so it remanded the matter to the state trial court.  Following remand, Slaydon was sentenced to twenty-four years at hard labor for the aggravated burglary charge.  *See* State Rec., Vol. 4 of 6, Minute Entry, 11/3/10.

2

was re-sentenced on November 3, 2010, to twenty-four years at hard labor on the aggravated burglary charge.[10] His conviction became final for AEDPA purposes thirty days later on December 3, 2010, when he did not file a timely appeal.

Prior to his re-sentencing, on August 9, 2010, Slaydon filed a petition for state post-conviction relief in the state district court.[11] Two years later, on August 23, 2012, the district court denied his petition.[12] Slaydon then timely filed a writ application seeking review in the Louisiana First Circuit Court of Appeal, which was denied on November 19, 2012.[13] Slaydon then filed an application for rehearing in the First Circuit on November 30, 2012, which application was denied as "not considered" on December 13, 2012.[14] Finally, on January 18, 2013, Slaydon filed an application for supervisory review in the Louisiana Supreme Court, which application was denied on July 31, 2013.[15]

## II.     Federal Habeas Petition

On March 6, 2014, Slaydon filed the instant habeas corpus proceeding in this Court, asserting three claims: (1) ineffective assistance of counsel; (2) confrontation clause

---

[10] State Rec., Vol. 4 of 6, Minute Entry, 11/3/10.

[11] State Rec., Vol. 4 of 6, Uniform Application for Post Conviction Relief, 8/9/10.

[12] State Rec., Vol. 4 of 6, Judgment on Post Conviction Relief with Reasons, 8/23/12.

[13] State Rec., Vol. 4 of 6, 1st Cir. Writ Application, 9/23/12; 1st Cir. Order, 2012-KW-1549, 11/19/12.

[14] State Rec., Vol. 4 of 6, Application for Rehearing, 11/30/12; 1st Cir. Order, 2012-KW-1549, 12/13/12.

[15] State Rec., Vol. 4 of 6, Louisiana Supreme Court Writ Application, 1/18/13; *State ex rel. Slaydon v. State*, 118 So. 3d 1110 (La. 2013); State Rec., Vol. 4 of 6, Louisiana Supreme Court Order, 2013-KH-0228, 7/31/13.

violations; and (3) insufficient evidence.[16] The State filed a timely response arguing that the petition is untimely, his claims are unexhausted, and, alternatively, that the claims lack merit.[17]

### III. *General Standards of Review*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254. The AEDPA went into effect on April 24, 1996[18] and applies to habeas petitions filed after that date. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir.1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The AEDPA therefore applies to Slaydon's petition, which, is deemed filed in this federal court on March 6, 2014.[19]

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claims raised by the petitioner were adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must

---

[16] Rec. Doc. No. 3.

[17] Rec. Doc. No. 11.

[18] The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 (5th Cir. 1992).

[19] The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). Slaydon's petition was filed by the clerk of court on March 7, 2014. Slaydon's signature on the petition was notarized and dated on March 6, 2014. This is the earliest date on which he could have delivered the pleadings to prison officials for mailing.

not be in "procedural default" on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419–20 (5th Cir.1997) (citing 28 U.S.C. § 2254(b), (c)). In this case, the State urges the defense that the petition is not timely filed. After a review of the record, this Court finds that the State is correct. Slaydon's petition is untimely filed and should be dismissed for the reasons assigned below.

## IV.     *Statute of Limitations*

The AEDPA requires a petitioner to bring his Section 2254 petition within one year of the date his conviction became final.[20] *Duncan v. Walker*, 533 U.S. 167, 179–80 (2001). Slaydon's conviction became final on December 3, 2010, when he did not timely seek further review of his November 3, 2010 re-sentencing. However, on August 9, 2010, prior to his conviction becoming final, Slaydon timely filed a post-conviction relief application in the state

---

[20]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here:
(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
A. the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
B. the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
C. the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
D. the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. 28 U.S.C. § 2244(d).

district court.[21]  Thus, at the time of filing, no time had elapsed under the AEDPA limitations period.

Furthermore, the AEDPA provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).  Thus, the filing of the post-conviction relief application tolled the limitations period, which remained tolled until the state district court's denial on August 23, 2012.  Then, by seeking timely review of the denial in the First Circuit Court of Appeal, Slaydon continued the tolling of the limitations period.  The First Circuit Court of Appeal denied the writ on November 19, 2012.  Slaydon then had thirty days, until December 19, 2012, to apply to the Louisiana Supreme Court for discretionary review, during which the AEDPA limitations period would still be tolled.  *See* Rule X, § 5(a) of the Louisiana Supreme Court Rules. Rather than file a timely review, however, Slaydon improperly filed an application for rehearing in the First Circuit Court of Appeal on November 30, 2012.

Slaydon's application for rehearing in the Louisiana Court of Appeal was not allowed by the state procedural rules. Rule 2-18.7 of the Uniform Rules–Courts of Appeal provides that an application for rehearing in connection with a writ application will be considered by the intermediate appellate court only when a writ application has been "granted . . . on the merits." Slaydon's writ application was denied and therefore he had no grounds upon which to seek

---

[21]State Rec., Vol. 4 of 6, Uniform Application for Post Conviction Relief, 8/9/10.  Under Louisiana's prison mailbox rule, pro se prisoner pleadings are deemed filed when they are delivered to the prison authorities for mailing.  *Causey v. Cain*, 450 F.3d 601, 604-05 (5th Cir. 2006).  Slaydon signed the application before a notary on August 9, 2010, which is the earliest date he could have delivered the application to prison authorities for mailing.

a rehearing. Thus, the First Circuit Court of Appeal denied the writ as "not considered" citing Rules 2-18.7 and 4.9 of the Uniform Rules of Louisiana Courts of Appeal. Because the application for rehearing was not properly filed, it did not serve to toll the one-year limitations period under the AEDPA. *See Shoemaker v. Cain*, No. CIV.A. 10-0344-RET, 2012 WL 1965409, at *2-3 (M.D. La. Apr. 10, 2012) *report and recommendation adopted*, No. CIV.A. 10-344-BAJ, 2012 WL 1964039 (M.D. La. May 31, 2012); *Gaudet v. Cain*, 31 F. App'x 835 (5th Cir. 2002).

Thus, when the thirty-day period for review in the Supreme Court expired on December 19, 2012, Slaydon's post-conviction relief application was no longer pending for purposes of the one-year limitations period under the AEDPA. Furthermore, his untimely application to the Supreme Court thereafter on January 18, 2013, did not toll the limitations period because it was filed outside the thirty-day period allowed under Rule X, § 5(a) of the Supreme Court Rules. It was therefore not "properly filed" because the Supreme Court Rule expressly prohibits extension of the thirty-day period. *See Williams v. Cain*, 217 F.3d 303, 309 (5th Cir. 2000) (holding that petitioner's post-conviction relief application ceased to be "properly filed" for the purpose of tolling the limitations period when he failed to file his application for supervisory writ within the thirty-day period); *see also State v. Crandell*, 924 So. 2d 122, 124 (La. 2006) (petitioner's late application for supervisory review would not be considered by Louisiana Supreme Court, and petitioner's application for rehearing in appellate court did not extend review period when such application was improper).

The relevant date when the limitations period began running is therefore December 19, 2012. The clock continued to run, uninterrupted by his improper filings, until the last day that Slaydon could have timely filed for federal habeas corpus relief–365 days later–on

December 19, 2013.  Slaydon filed his federal *habeas corpus* petition in this Court on March 6, 2014–nearly three months later.  Accordingly, the application is time-barred in this Court.

## RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that Petitioner's federal *habeas corpus* claims be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996)(*en banc*).[22]

New Orleans, Louisiana, this  20th day of     February    , 2015.

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[22]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.